## I. S. HALLAM V. G. G. HUFFMAN.
### No. 131.

1. "THEREUPON" — *defined.* "Thereupon the defendant filed his motion for a new trial," means immediately after, and upon the same day of, the occurrence last before cited.

2. CONTRACT AGAINST PUBLIC POLICY — *agreement to prevent competition at sheriff's sale is.* A., B., C. and D. enter into an agreement to prevent competition at a sheriff's sale of real estate, under which A. is to bid off the land at a price not to exceed four thousand dollars; it is then to be decided by chance which of the four is to have the land at four thousand dollars, and the difference between the price it is bid in for and four thousand dollars is to be divided among the four. A. bid in the land at $3,510. The four then met and drew lots for the land. It fell to B. C. then offered B. forty-two hundred dollars for it, which was accepted, and C. paid B. $567.50, that sum being two hundred dollars bonus offered B. added to the difference between the sum the land was bid off for and four thousand dollars less C.'s share of said excess. B. immediately paid to A. and D. their share of said excess. The sale was set aside on account of such illegal combination. A. and B. refunded to C. the amounts of their profits in the transaction, but D. refused to do so, and C. brought a suit against B., setting up a parol purchase of the land, a payment of $567.50 thereon, the rescission of the contract of sale, and the failure to return $122.50 of said payment. *Held,* that such transactions were all connected, and grew immediately out of a contract that was illegal and contrary to public policy, and that no action can be founded thereon.

304      HALLAM v. HUFFMAN.

N. Dept.          Opinion.   Wells, J.        5 Kan. App.

Error from Dickinson District Court. Hon. James Humphrey, Judge. Opinion filed March 22, 1897. *Reversed.*

*J. H. Mahan*, for plaintiff in error.

*Stambaugh & Hurd*, for defendant in error.

WELLS, J. I. S. Hallam, David Matteson, G. C. Huffman, and J. P. Morley entered into an arrangement to prevent competition at a sheriff's sale of real estate, under which David Matteson, was to bid off the land at a price not to exceed four thousand dollars. It was then to be decided by chance which of the four should have the land at the four thousand dollars, and the difference between the price it was bid in for and the four thousand dollars was to be equally divided among the four. Matteson bid in the land for $3,510. The parties then met and drew lots for the land, and it fell to Hallam, the plaintiff in error. Before separating, Huffman, the defendant in error, plaintiff below, proposed that he would take the land at forty-two hundred dollars, which Hallam, under the advice of Matteson, with whom it developed at this point he had pooled his issues, accepted. Hallam then paid by check $567.50, that sum being the difference between the amount for which the land was bid off and forty-two hundred dollars, the sum at which Hallam had agreed to take it, less $122.50, Huffman's one-fourth of the profits under the original contract. This sum was immediately divided up, Hallam and Matteson each receiving $122.50 in addition to the two hundred dollars bonus paid by Huffman, and Morley getting $122.50, one-fourth of the $490.

The sale was set aside on account of the illegal com-

bination. Hallam and Matteson refunded to Huffman their profits in the transaction, $445, but Morley refused to refund his $122.50. Thereafter this action was brought by Huffman, in the District Court of Dickinson County, Kansas, he claiming in his petition that he had made an oral agreement with said defendant, Hallam, for the purchase of certain real estate, and had paid as part consideration therefor $567.50; that the defendant being unable to make a title thereto rescinded said sale and had paid back all of said $567.50 except the sum of $122.50, and praying judgment for said last mentioned sum, with interest and costs.

To this petition the defendant answered, first, by a general denial, and second, by a recital of the facts substantially as hereinbefore set forth. The plaintiff replied by generally denying all the allegations and averments set up in said second count of defendant's answer. Trial was had to the court at its February term, 1895, and it found the issues for the plaintiff. A motion for a new trial was duly made, overruled, exceptions saved, and the case brought to this court for review.

We are first met by an objection interposed by the defendant in error, to a review of the alleged errors in this action, for the reason that the record does not affirmatively show that a motion for a new trial was filed within three days after the judgment of the trial court was rendered, and for that reason it must be presumed that the motion for a new trial was overruled because it was not filed in time, and that all errors occurring during the trial were waived. The record shows that the trial of this case was commenced on the thirteenth day of February, 1895; that upon the close of the testimony the court found the issues for the plaintiff, to which finding the defendant

306            HALLAM v. HUFFMAN.

N. Dept.            Opinion.   Wells, J.            5 Kan. App.

excepted at the time, and thereupon filed his motion for a new trial, and thereafter, to wit : on the twenty-sixth day of February, 1895, said motion for a new trial came on to be argued and was argued by counsel, and the court having heard the same denied the said motion, to which order the defendant excepted.

We think that the record does affirmatively show that the motion for a new trial was filed on the thirteenth day of February, 1895, or at least on the same day the trial was concluded. Under the authority of *Hill v. Wand* (47 Kan. 340), "thereupon" is construed to be, "An adverb of time, and held to mean 'without delay or lapse of time.'" We think this definition of the word is in harmony with the best authorities and common usage.

There is very little, if any, conflict of testimony in this case. The facts are substantially admitted by both parties ; and the only question is, whether or not from these facts the plaintiff below was entitled to recover. The illegality of the arrangement to prevent competition is admitted by the defendant in error, but he contends that there was a new contract founded upon an independent consideration under which the plaintiff below was entitled to recover ; and this view was concurred in by the trial court. This, we think, was error.

After carefully reviewing all the evidence and pleadings we are forced to the conclusion that it was all one transaction, intimately connected, and no part of it but what grew immediately out of the illegal act. The first principle laid down in *Armstrong v. Toler* (11 Wheat. 278) is as follows :

"'Where a contract grows immediately out of, and is connected with, an illegal or immoral act, a court of justice will not lend its aid to enforce it. And if the contract be, in fact, only connected with the ille-

gal consideration and growing immediately out of it, though it be in fact a new contract, it is equally tainted by it.' ''

And after a careful consideration of all the cases cited, we find they in no way dispute or contradict this principle. In *McBlair v. Gibbes* (17 How. 236), the United States Supreme Court says :

'' It may be admitted that even a subsequent collateral contract, if made in aid and in furtherance of the execution of one infected with illegality, partakes of its nature, and is equally in violation of law.''

The judgment of the District Court will be reversed and judgment ordered for the plaintiff in error, defendant below.

McElroy, J., concurring.

Mahan, P. J., having been of counsel, not sitting.